# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-1182V
### (Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * * *
* 
JOSEPH GRIMAUDO,     *
    *     Special Master Corcoran
    *
    Petitioner,     *     Filed: January 18, 2017
    *
    v.     *     Decision; Attorney's Fees and Costs;
    *     Influenza ("Flu") Vaccine;
    *     Transverse Myelitis ("TM").
SECRETARY OF HEALTH AND     *
HUMAN SERVICES,     *
    *
    Respondent.     *
    *
* * * * * * * * * * * * * * * * * * * * * * * * *

*Robert V. Potter, Jr.*, Johnson, Pope, et al., Clearwater, FL, for Petitioner.

*Heather L. Pearlman*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## ATTORNEY'S FEES AND COSTS DECISION[1]

On October 13, 2015, Joseph Grimaudo filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] The Petition alleged that the influenza vaccine that Petitioner received on November 21, 2014, caused him to suffer from Transverse Myelitis. *See* Petition at 1 (ECF No. 1). The parties filed a stipulation for damages on

---

[1] Although I have not designated this decision for publication, because it contains a reasoned explanation for my actions in this case, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

October 14, 2016 (ECF No. 19), which I adopted by decision dated October 17, 2016. ECF No. 21.

Petitioner has now filed a motion requesting final attorney's fees and costs, dated January 18, 2017. *See* ECF No. 26. Petitioner requests reimbursement of attorney's fees and costs in the combined amount of $21,438.32 (representing $19,066.00 in attorney's fees, plus $2,372.32 in costs). *Id*. at 3. In addition, and in compliance with General Order No. 9, Petitioner represents that he incurred no litigation-related expenses in conjunction with this proceeding. ECF No. 26-4. Respondent has formally stated that she does not object to the sum requested. ECF No. 27.

I approve the requested amount for attorney's fees and costs as reasonable.[3] Accordingly, an award of $21,438.32 should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Robert V. Potter, Esq. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of Petitioner's motion.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Petitioner's application for fees and costs, although unopposed, includes a proposed hourly rate for Petitioner's counsel, Robert V. Potter, Esq., who practices in Clearwater, Florida. Petitioner purports that counsel should be paid the hourly rate for a comparably-experienced attorney based upon the rate schedules established for counsel entitled to in-forum rates in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The fees request does not set forth argument for why counsel should receive this rate, however, as opposed to a local rate (which could be lower). However, because the fees and costs request is unopposed, and because I find that the total sum requested is reasonable under the circumstances, I award it herein without reaching the question of whether Mr. Potter is entitled to the forum rate under the test established by the Federal Circuit in *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.